UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-80521-DIMITROULEAS/MATTHEWMAN

ALFRED DAVIS,

    Plaintiff,

v.

MARKENZY LAPONTE [sic], et al.,

    Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon a *sua sponte* review of the record. *See* DE 20. Plaintiff filed a complaint on April 28, 2025. [DE 1]. Summonses were issued for only four of the Defendants on May 15, 2025. [DE 12]. The Court then issued its first Order to Show Cause [DE 24] explaining that Plaintiff's filings do not show that he has made proper service on all Defendants under Federal Rule of Civil Procedure 4(i). The Court gave Plaintiff until August 15, 2025, to prove proper service or to demonstrate good cause for failing to comply with Rule 4(m). Plaintiff then filed another Affidavit of Proof of Service. [DE 27]. The Court gave Plaintiff another chance to file a proper proof of service or to show good cause for the failure to comply with Rule 4(m) by September 2, 2025. [DE 29]. No response has been filed.

    Plaintiff still has not filed a proper proof of service showing that each Defendant was served in compliance with Rule 4(i). To serve a United States officer or employee sued in their official capacity, a party must send a copy of the summons and complaint, via registered or certified mail to the officer or employee, and serve the United States by "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or

to an assistant United States attorney or clerical employee whom the United States attorney designates in writing filed with the court clerk" or by "send[ing] a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office" and also "send[ing] a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii), (B), 4(i)(2).[1]

The proof of service filed [DE 13, 15, 22, 27] in this case does not show that service has even been attempted on all Defendants or that a copy of the complaint and summons was sent to the Attorney General of the United States. Further, after being provided numerous opportunities to do so, Plaintiff has not provided any grounds to show good cause for the failure to timely serve all Defendants under Rule 4(m). Therefore, after the Court has given Plaintiff numerous chances, the Court "must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m).

Thus, the Undersigned **RECOMMENDS** that the District Judge **DISMISS** this case **WITHOUT PREJUDICE.**

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Wiliam P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir.

---

[1] The complaint is unclear as to whether any of the Defendants are being sued in their official or individual capacity. The Court assumes Plaintiff means to sue Defendants in their official capacity based on the relief sought. Nonetheless, the same analysis applies because, as discussed, Plaintiff does not show he properly served the United States. Fed. R. Civ. P. 4(i)(3).

R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of September 2025.

_____
WILLIAM MATTHEWMAN
Chief United States Magistrate Judge